UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

**RIDA ZAYAT**,

          Plaintiff,

                                Case No.  17-14130

vs.

**MORPHOTRUST USA, LLC,**
a foreign corporation,

          Defendant.

---

**GASIOREK, MORGAN, GRECO,
MCCAULEY, & KOTZIAN, P.C.**
Angela Mannarino (P72374)
Attorneys for Plaintiff
30500 Northwestern Hwy Suite 425
Farmington Hills, MI 48334
(248) 865-0001 / (248) 865-0002 (Fax)
amannarino@gmgmklaw.com

---

## **PLAINTIFF'S COMPLAINT AND JURY DEMAND**

Plaintiff, RIDA ZAYAT, by his attorneys, GASIOREK, MORGAN, GRECO, MCCAULEY & KOTZIAN, P.C., states the following for his Complaint against Defendant:

1. This Complaint asserts claims of employment discrimination in violation of the Title VII of the Civil Rights Act of 1964, 42 USC §2000e, *et seq.*, as

amended ("Title VII") and Michigan's Elliott-Larsen Civil Rights Act ("ELCRA"), MCL §37.2101, *et seq.*, as amended.

## PARTIES

2. Plaintiff, RIDA ZAYAT ("Zayat"), is an individual who resides in the City of Dearborn, County of Wayne, State of Michigan.

3. Defendant, MORPHOTRUST USA, LLC (hereinafter "MorphoTrust"), is a Delaware limited liability company authorized to and doing business in Michigan with a place of business in this judicial district.

## JURISDICTION AND VENUE

4. This Court has jurisdiction over Defendant because Defendant conducts business on a regular and systematic basis in the State of Michigan and has its resident agent and registered office in Michigan.

5. This Court has jurisdiction over Plaintiff's Title VII claims under and pursuant to 28 U.S.C. §§1331 and 1343.

6. This Court has supplemental jurisdiction over Plaintiff's state law claims under and pursuant to 28 U.S.C. §1367.

7. On March 29, 2017, Plaintiff filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC"). Exhibit A.

8. Plaintiff received notification of the right to sue notice from the EEOC on or about September 22, 2017. Exhibit B.

9. Plaintiff has timely filed this Complaint within 90 days of receiving the right to sue notice.

10. Venue is proper pursuant to 28 U.S.C. §1391, as the events giving rise to this cause of action occurred within this judicial district.

## GENERAL ALLEGATIONS

11. Plaintiff's national origin in Lebanese.

12. Plaintiff's religion is Muslim.

13. On or about March 24, 2014, Defendant hired Zayat as a part-time Enrollment Agent I.

14. On or about May 11, 2016, Defendant promoted Zayat to a full-time Enrollment Agent I position.

15. As a full-time Enrollment Agent I, Zayat worked as a Mobile Enrollment Agent meaning that Zayat travelled and worked at enrollment centers throughout the United States.

16. At all relevant times, Zayat performed his duties and responsibilities in a manner that demonstrated that he was qualified for his position.

17. In the fall of 2016, Defendant began a series of workforce reductions.

18. Defendant terminated Zayat's employment effective December 12, 2016.

19. On December 19, 2016, Defendant's Human Resources Manager wrote Plaintiff a letter of recommendation.

20. The letter stated that Plaintiff's employment ended as part of a company-wide reduction in force, not any performance related reasons.

21. The letter further stated that Plaintiff was eligible for re-hire with Defendant.

22. In early 2017, Defendant, through its website, advertised and accepted applications for a part-time enrollment agent position.

23. Plaintiff, who had previously performed the same position for Defendant, applied for the available part-time enrollment agent position on or about March 7, 2017.

24. Plaintiff also emailed Defendant's Human Resources Manager on March 7, 2017 to express his interest in the position.

25. On or about March 8, 2017, Plaintiff had a telephone interview with Defendant's Recruiter for the part-time enrollment agent position.

26. Defendant, through its Recruiter, offered the part-time enrollment agent position to Zayat on or about March 8, 2017.

27. On or about March 10, 2017, Defendant's Recruiter informed Zayat by phone that Defendant had selected another applicant for the part-time enrollment agent position.

4

28. On or about March 23, 2017, Defendant emailed Zayat to inform him that Defendant had selected another applicant "who more closely matches the skill set and qualifications" despite the fact that Plaintiff had successfully performed the same position during his employment with Defendant.

29. Confused by the March 10, 2017 phone call and the March 23, 2017 email message, Zayat reached out to Defendant's Human Resources Manager.

30. Defendant's Human Resources Manager confirmed that Plaintiff was eligible for re-hire with Defendant.

31. When Plaintiff discovered that a part-time Enrollment Agent position was available through Defendant's website on June 7, 2017, he again emailed Defendant's Human Resources Manager about the position to express his interest.

32. In response, Defendant's Human Resources Manager informed Plaintiff via email that while he was welcome to apply for positions with Defendant, because of his performance during his employment with Defendant, he would not be considered for the position.

33. Defendant did not raise and/or document any alleged issues with Plaintiff's performance during his employment with Defendant.

34. Defendant's claim that Plaintiff had performance issues was not true and/or a pre-text for discrimination.

5

35. Despite the fact that Zayat was not under any threat of termination for performance reasons at the time of his layoff and despite his experience, qualifications, and application for the identical job that he held with the Defendant, Defendant refused to hire Plaintiff back as an Enrollment Agent.

36. Zayat's national origin and/or religion were motivating or determining factors in Defendant's decision not to hire Plaintiff back as an Enrollment Agent.

37. Upon information and belief, Defendant hired an individual who is not of Middle Eastern descent and who is not Muslim for the position.

## COUNT I – VIOLATION OF TITLE VII
## (NATIONAL ORIGIN DISCRIMINATION)

38. Zayat repeats, and incorporates by reference, each and every paragraph of this Complaint as though fully set forth herein.

39. Defendant had a duty under Title VII not to discharge, refuse to hire, or otherwise discriminate against Zayat on account of his national origin.

40. Defendants violated Title VII by discriminating against Zayat because of his national origin in the following respects:

    a. Refusing to interview and/or hire Zayat for positions for which he was qualified and met the minimum experience and skill requirements because of his national origin.

    b. Treating Zayat differently than other employees and/or applicants because of his national origin.

c. Limiting, segregating, or classifying Zayat in a way which deprived or intended to deprive Zayat of employment opportunities because of his national origin.

d. Otherwise discriminating against Zayat with respect to the terms, conditions and privileges of employment.

41. As a direct and proximate result of Defendant's violation of Title VII, Zayat suffered damages, including but not limited to, loss of past and future employment income and employee benefits, personal injuries including but not limited to mental and emotional distress and anxiety, humiliation, embarrassment, derogation, and physical ailments, a sense of outrage and injury to his feelings, and injury to his professional reputation.

**WHEREFORE** Plaintiff requests that this Honorable Court enter a judgment in his favor and against Defendant for (1) compensatory damages in an amount to be determined by the jury, (2) punitive damages, and (3) interest and the costs of litigation, including but not limited to reasonable attorney fees and witness fees.

### COUNT II – NATIONAL ORIGIN DISCRIMINATION UNDER THE ELLIOTT-LARSEN CIVIL RIGHTS ACT (ELCRA)

42. Zayat repeats, and incorporates herein by reference, each and every paragraph of this Complaint as though fully set forth herein.

43. At all relevant times, Zayat was an "employee", and each Defendant was an "employer" within the meaning of the ELCRA.

7

44. At all relevant times, under the ELCRA, Zayat had a right to employment free from discrimination based on his national origin.

45. Defendants violated Zayat's rights under the ELCRA by, including but not limited to, refusing to hire and/or denying him positions because of his national origin, treating him differently based of his national origin than similarly situated individuals, not providing him with equal employment opportunities, and otherwise discriminating against Zayat with respect to the terms, conditions and privileges of employment because of his national origin.

46. As a direct and proximate result of Defendants' illegal discrimination in violation of the ELCRA, Zayat suffered damages, including but not limited to loss of past and future employment income and employee benefits, personal injuries including but not limited to mental and emotional distress and anxiety, humiliation, embarrassment, derogation, and physical ailments, a sense of outrage and injury to his feelings, and injury to his professional reputation.

**WHEREFORE** Plaintiff requests that this Honorable Court enter a judgment in his favor and against Defendant for (1) compensatory damages in an amount to be determined by the jury, (2) exemplary damages, and (3) interest and the costs of litigation, including but not limited to reasonable attorney fees and witness fees.

## COUNT III – VIOLATION OF TITLE VII
## (RELIGIOUS DISCRIMINATION)

47. Zayat repeats, and incorporates by reference, each and every paragraph of this Complaint as though fully set forth herein.

48. Defendant had a duty under Title VII refuse to hire or otherwise discriminate against Zayat on account of his religion.

49. Defendants violated Title VII by discriminating against Zayat because of his religion in the following respects:

   a. Refusing to interview and/or hire Zayat for positions for which he was qualified and met the minimum experience and skill requirements because of his religion.

   b. Treating Zayat differently than other employees and/or applicants because of his religion.

   c. Limiting, segregating, or classifying Zayat in a way which deprived or intended to deprive Zayat of employment opportunities because of his religion.

   d. Otherwise discriminating against Zayat with respect to the terms, conditions and privileges of employment.

50. As a direct and proximate result of Defendant's violation of Title VII, Zayat suffered damages, including but not limited to, loss of past and future employment income and employee benefits, personal injuries including but not limited to mental and emotional distress and anxiety, humiliation, embarrassment, derogation, and physical ailments, a sense of outrage and injury to his feelings, and injury to his professional reputation.

**WHEREFORE** Plaintiff requests that this Honorable Court enter a judgment in his favor and against Defendant for (1) compensatory damages in an amount to be determined by the jury, (2) punitive damages, and (3) interest and the costs of litigation, including but not limited to reasonable attorney fees and witness fees.

### COUNT IV – RELIGIOUS DISCRIMINATION UNDER THE ELLIOTT-LARSEN CIVIL RIGHTS ACT (ELCRA)

51.  Zayat repeats, and incorporates herein by reference, each and every paragraph of this Complaint as though fully set forth herein.

52.  At all relevant times, Zayat was an "employee", and each Defendant was an "employer" within the meaning of the ELCRA.

53.  At all relevant times, under the ELCRA, Zayat had a right to employment free from discrimination based on his religion.

54.  Defendants violated Zayat's rights under the ELCRA by, including but not limited to, refusing to hire and/or denying him positions because of his religion, treating him differently based of his religion than similarly situated individuals, not providing him with equal employment opportunities, and otherwise discriminating against Zayat with respect to the terms, conditions and privileges of employment because of his religion.

55.  As a direct and proximate result of Defendants' illegal discrimination in violation of the ELCRA, Zayat suffered damages, including but not limited to loss of past and future employment income and employee benefits, personal injuries

including but not limited to mental and emotional distress and anxiety, humiliation, embarrassment, derogation, and physical ailments, a sense of outrage and injury to his feelings, and injury to his professional reputation.

**WHEREFORE** Plaintiff requests that this Honorable Court enter a judgment in his favor and against Defendant for (1) compensatory damages in an amount to be determined by the jury, (2) exemplary damages, and (3) interest and the costs of litigation, including but not limited to reasonable attorney fees and witness fees.

Respectfully submitted,

**GASIOREK, MORGAN, GRECO, McCAULEY & KOTZIAN, P.C.**

BY:   */s/ Angela Mannarino*
**GASIOREK, MORGAN, GRECO, MCCAULEY, & KOTZIAN, P.C.**
ANGELA MANNARINO (P72374)
Attorneys for Plaintiff
30500 Northwestern Hwy Suite 425
Farmington Hills, MI 48334
(248) 865-0001
amannarino@gmgmklaw.com

Dated: December 21, 2017

11

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

**RIDA ZAYAT**,

        Plaintiff,

                          Case No.  17-14130

vs.

**MORPHOTRUST USA, LLC,**
a foreign corporation,

        Defendant.

---

# **DEMAND FOR JURY TRIAL**

Plaintiff, RIDA ZAYAT, by his attorneys, GASIOREK, MORGAN, GRECO, McCAULEY & KOTZIAN, P.C., demands a trial by jury in this cause of action.

                Respectfully submitted,

                **GASIOREK, MORGAN, GRECO,
                McCAULEY & KOTZIAN, P.C.**

BY:    */s/ Angela Mannarino*
                **GASIOREK, MORGAN, GRECO,
                MCCAULEY, & KOTZIAN, P.C.**
                ANGELA MANNARINO (P72374)
                Attorneys for Plaintiff
                30500 Northwestern Hwy Suite 425
                Farmington Hills, MI 48334
                (248) 865-0001
                amannarino@gmgmklaw.com

Dated: December 21, 2017